```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CLAUDIO DAREZZO,
                                    Plaintiff,
        -against-
RECREATIONAL PLUS LEV INC. AND
84 HOYT LLC,
                                    Defendants.
-------------------------------------------------------X
```

**AFFIRMATION IN SUPPORT OF ORDER TO SHOW CAUSE FOR ENTRY OF DEFAULT JUDGMENT**

*Civil Action No.:*
1:23-cv-09090-VEC

I, Bradly G. Marks, an attorney duly admitted to practice law in the State of New York and Southern District of New York, hereby affirms the truth of the following under penalty of perjury:

1. I, Bradly G. Marks ("Your Affirmant"), am the Principal of The Marks Law Firm, PC, attorneys for Plaintiff, Claudio Darezzo ("Plaintiff") in the above-captioned action and I am familiar with all the facts and circumstances in this action.

2. I make this affirmation pursuant to Rule 55(b)(2) of the Civil Rules for the Southern District of New York, in support of Plaintiff's application for the entry of default judgment against Defendant, Recreational Plus Lev Inc.

3. This is an action for injunctive relief to remove the access barriers that exist at Defendants' Premises and to recover the associated compensatory relief, and attorneys' fees and costs owed by Defendants to Plaintiff for violations of 42 U.S.C. 12181, et Seq. of the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL").

4. This action was commenced on October 16, 2023, by the filing of a Civil Cover Sheet,

Summons, and Complaint. (Exhibit A; see also Dkt. 1, 2, and 4).

5. On October 19, 2023, Your Honor scheduled an in-person Initial Conference on December 22, 2023 at 10 A.M. [Dkt. 5]

6. On November 2, 2023, service was effectuated on Defendant, Recreational Plus Lev Inc. ("Defendant"). (Exhibit B; see also Dkt. 8).

7. On December 11, 2023, Your Affirmant filed a letter request to adjourn the December 22, 2023 Initial Conference, which was denied by Your Honor. Furthermore Your Honor directed Your Affirmant to show cause as to why default judgment should not be entered by January 11, 2024 and extended both Defendants' time to interpose an Answer to December 22, 2023. [Dkt. 9 and 10].

8. On January 9, 2024, Mitchell S. Segal, Esq. filed an appeared on the docket on behalf of Defendant, 84 Hoyt LLC. The same day, Mr. Segal filed a letter request to extend Defendant, 84 Hoyt LLC's time to interpose an Answer to Plaintiff's Complaint, which was So Ordered by Your Honor. Your Honor further directed Your Affirmant to show cause as to why default judgment should not be entered against Defendant, Recreational Plus Lev Inc by **January 11, 2024** [Dkt. 12-14].

9. On January 10, 2024, Your Affirmant filed a request for a Clerk's Certificate of Default as to Defendant, Recreational Plus Lev Inc. which was received/entered the same day. (Exhibit C; see also Dkt. 15-17).

10. At all times since the inception of this action, Your Affirmant's office has made various attempts to inform Defendant, Recreational Plus Lev Inc. by mail, email, and telephone about the court orders, deadlines, and the need to appear in this action. Your Affirmant's office was in contact with an agent of Defendant, 84 Hoyt, LLC, who informed us that Defendant,

Recreational Plus Lev Inc. was fully aware of this action. However, to date, Defendant, Recreational Plus Lev Inc. has chosen to ignore the court deadlines and has not retained counsel or appeared in this Action.

11. The time for Defendant, Recreational Plus Lev Inc. to answer or otherwise move with respect to the complaint herein has expired on December 22, 2023.

12. Defendant, Recreational Plus Lev Inc. has not answered or otherwise moved with respect to the complaint, and the time for Defendant, Recreational Plus Lev Inc. to answer or otherwise move has not been extended.

13. Defendant, Recreational Plus Lev Inc. is a corporation and is not an infant or incompetent.

14. Defendant, Recreational Plus Lev Inc. is not presently in the military service of the United States as appears from the facts in this litigation.

15. Defendants are jointly and severally indebted to Plaintiff for injunctive relief, compensatory relief, and attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL").

16. Plaintiff is entitled to a default judgment against Defendant, Recreational Plus Lev Inc. pursuant to FED. R. CIV. P. 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In addition, FED. R. CIV. P. 55(b)(2) provides that the Court may enter a default judgment without any further notice to a defendant that fails to appear.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to,

and useable by, individuals with disabilities to the extent required by the American with Disabilities Act ("ADA"), the New York City Human Rights Laws ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"). Specifically:

a. Close and cease operation of the Premises until the requisite modifications are completed.

b. Retain an ADA expert/architect to provide a report, which sets forth the violations found and make a plan for remediation of these violations. The report should at least specifically address how to remediate the violations noted in the Complaint:

   i. Provide an accessible entrance and install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance.

   ii. Provide signage addressing people with disabilities telling them that accessible services are provided.

   iii. Provide accessible merchandise/merchandise displays.

   iv. Provide accessible checkout counters.

   v. Provide accessible restrooms.

   vi. Provide a safe and accessible emergency exit.

   vii. The injunctive relief provided must be in accordance with city, state and federal laws including 28 CFR Part 36, Sec. 36.304 which provides instructions for the Removal of barriers in existing facilities as well as the 2010 ADA Standards for Accessible Design which provides minimum requirements for public accommodations to become readily accessible and useable by individuals with disabilities.

18. Plaintiff is requesting one thousand dollars ($1,000.00) in compensatory damages based on Defendant's violation of the New York State Human Rights Law in accordance with NYCHRL §297(4)(c) and the New York City Human Rights Law (See §8-120(a)(8)).

19. In calculating compensatory damages under the NYSHRL and the NYCHRL, a court in the Southern District of New York found that "[t]he New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" *Kreisler*, 2012 U.S. Dist. LEXIS 129298, 2012 WL 3961304, (weighing the appropriate compensatory damages amount for the defendant's failure to provide a reasonably accessible restaurant). *Shalto v. Bay of Bengal Kabob Corp.*, 2013 U.S. Dist. LEXIS 33277.

20. Plaintiff is requesting that Defendant pay reasonable attorney fees and costs in accordance with 42 U.S. Code §12205 and is requesting that this Court retain jurisdiction relating to the Plaintiff's attorneys' fees and costs and said motion for attorney fees and costs shall be filed within ninety (90) days of entry of this Final Judgment.

21. Plaintiff further represents that no part of the judgment sought has been paid.

Dated: New York, New York
January 10, 2024

                                THE MARKS LAW FIRM

By: _____
Bradly G. Marks
Attorney for Plaintiff
155 East 55th Street, Suite 4H
New York, NY 10022
T:(646) 770-3775
F: (646) 770- 2639
brad@markslawpc.com